UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ANDREA RODRIGUEZ, on behalf of herself and others similarly situated,

                                                        *Plaintiffs,*

-against-

M & J CLEANING SOLUTIONS LLC, JUAN KRAEMER, and MICHAEL MILITELLO,

                                                        *Defendants.*
---------------------------------------------------------------X

Case No.: 18-cv-2051

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and RULE 23 CLASS ACTION**

Plaintiff ANDREA RODRIGUEZ, ("Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, FRANK & ASSOCIATES, P.C., brings this Complaint against Defendants M & J CLEANING SOLUTIONS LLC, JUAN KRAEMER and MICHAEL MILITELLO (collectively "Defendants") and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, and that she is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees.

2. Plaintiff alleges that, pursuant to New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unlawful deductions from her pay, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (d) pre-judgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein occurred in Nassau County, New York.

## PARTIES

5. Plaintiff is a resident of the State of New York who resides in the County of Suffolk.

6. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(2).

7. Upon information and belief, Defendant M&J Cleaning Solutions LLC ("M&J") was and still is a domestic limited liability company, incorporated under the laws of the State of Connecticut, with a primary place of business at 304 Main Avenue, Suite 253, Norwalk, CT 06851.

8. At all times relevant to the Complaint, Defendant M&J was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

9. At all times relevant to the Complaint, Defendants Juan Kraemer and Michael Militello co-owned and operated Defendant M&J.

10. At all times relevant to the Complaint, Defendant Juan Kraemer had authority to make personnel and payroll decisions as to the employees of Defendant M&J.

11. At all times relevant to the Complaint, Defendant Juan Kraemer was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

12. At all times relevant to the Complaint, Defendant Michael Militello had authority to make personnel and payroll decisions as to the employees of Defendant M&J.

13. At all times relevant to the Complaint, Defendant Michael Militello was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

14. At all times relevant to the Complaint, Defendant M&J was and is "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. At all times relevant to the Complaint, Defendant M&J has and has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. At all times relevant to the Complaint, Defendant M&J has and has had annual gross volume of sales in excess of $500,000.

## FACTS

17. Plaintiff worked for Defendants from March 2017 until November 24, 2017, performing cleaning services at Stew Leonard's grocery stores, along with approximately seven (7) other employees.

18. From the beginning of her employment until in or around the beginning of June 2017, Plaintiff worked two (2) days per week cleaning the Stew Leonards' grocery store located in Farmingdale, New York. In or around the beginning of June 2017, Defendants increased Plaintiff's work schedule and she began working four (4) to five (5) days per week. This schedule continued until in or around the beginning of July 2017, at which point Defendants increased Plaintiff's work schedule to seven (7) days per week.

19. In or around September 2017, Plaintiff was transferred to the Stew Leonards' grocery store located in East Meadow, New York. Despite the change in location, Plaintiff continued working the same schedule of seven (7) days per week until her termination on November 24, 2017.

20. Throughout the term of her employment with Defendants, regardless of how many days per week she worked, Plaintiff worked from 8:00 PM to 6:00 AM each day with a thirty (30) minute meal break.

21. Thus, Plaintiff worked:

   a. Approximately nineteen (19) hours per week from May 2017 until in or around the beginning of June 2017;

   b. Approximately thirty-eight (38) to forty-seven and one-half (47.5) hours per week from in or around the beginning of June 2017 to in or around the beginning of July 2017; and

   c. Approximately sixty-six and one-half (66.5) hours per week from in or around the beginning of July 2017 until November 24, 2017.

22. For her work, Defendants paid Plaintiff straight time, at a rate of twelve dollars ($12) per hour, for each hour that she worked.

23. Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular hourly rate, throughout the entire term of her employment.

24. In or around the beginning of October 2017, Defendants began to deduct two hundred dollars ($200) from Plaintiff's bi-weekly paychecks because Plaintiff had supposedly damaged a scale for weighing fish when cleaning.

25. Plaintiff complained that she could not afford the cost of this deduction and Defendants reduced the amount to one hundred and fifty ($150) every two weeks. This unlawful deduction continued until Plaintiff's penultimate paycheck.

26. This deduction was not authorized by Plaintiff in writing and was not for Plaintiff's benefit, nor was the deduction authorized by law, as required by the NYLL.

27. Additionally, Defendants did not provide Plaintiff with a complete, true and accurate wage statement including her overtime rate of pay and the overtime hours she worked as required by law.

28. Defendants also did not provide Plaintiff with written notice, in her primary language of Spanish, of her rate of pay, the basis thereof, any allowances claimed by the employer, the employer's regular pay day, the name of the employer, including any "doing business names," the employer's address and the employer's telephone number at the time of Plaintiff's hire.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings her FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

30. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

31. At all relevant times, Plaintiff and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at least one and one-half times their regular rate for every hour of work in excess of forty (40) hours per workweek.

32. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

33. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice the FLSA Collective, who have been unlawfully deprived of overtime wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings her NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were not paid overtime for all hours worked in excess of forty (40) each workweek; for whom Defendants made unlawful deductions from Plaintiff's wages; and who were not given accurate wage statements or time of hire notices.

35. Plaintiff is a member of the Class she seeks to represent.

36. Plaintiff reserves the right to amend the Class definition based on discovery.

**Efficiency of Class Prosecution of Class Claims**

37. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

38.    Certification of this class is the most efficient and economical means of resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

39.    Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

40.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of the efforts and expense that numerous individual actions would engender.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources.  However, treating the claims as a class action would result in a significant savings of these costs.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures.  Although the relative damages suffered by the individual Rule 23 Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**Numerosity and Impracticability of Joinder**

41.    The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

42. The Rule 23 Class Members are readily ascertainable. For the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

43. Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of overtime wages in violation of the FLSA and NYLL and additionally subject to unlawful deductions, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

44. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**Common Questions of Law and Fact**

45. The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

46. These common issues include, but are not limited to: (a) whether Defendants unlawfully failed to pay proper overtime compensation for hours worked in excess of forty (40) per week in violation of and within the meaning of the FLSA and NYLL; (b) whether Defendants made unlawful deductions from wages in violation of the NYLL; (c) whether Defendants failed to keep true and accurate records of all hours worked and wages paid to Plaintiff and the Rule 23 Class; (d) the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (e) whether Defendants' general practice of failing and/or refusing to

pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the FLSA and NYLL.

47. The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

48. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

49. Plaintiff seeks the following relief for her individual claims and for the claims of the proposed class: (1) unpaid overtime wages for all hours worked in excess of forty (40) per week at a rate of one and one-half times her regular rate of pay, (2) unlawful deductions from her pay, (3) an equal amount of liquidated damages and (4) damages for Defendants' failure to provide proper wage statements and time of hire notices.

**Adequacy of Representation**

50. Plaintiff's interests are akin to those of the members of the proposed class.

51. Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

52. Plaintiff has retained counsel competent and experienced in complex class actions in labor and employment litigation for over fifty (50) years. Plaintiff's counsel can competently litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

53. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

54. Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA.

55. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

57. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

58. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

59. Defendants required Plaintiff and the Rule 23 Class to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and the Rule 23 Class for the time

worked in excess of forty (40) hours each week at a rate of at least one and one-half times her regular hourly rate in violation of the NYLL.

60. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

61. Due to Defendants' violation of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Unlawful Deductions in Violation of NYLL § 193
### (On Behalf of Plaintiff and the Rule 23 Class)

62. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

63. Defendants willfully deducted first two hundred dollars ($200) and then one hundred fifty dollars ($150) from Plaintiff's bi-weekly paycheck because Plaintiff had supposedly damage a scale while cleaning.

64. Pursuant to NYLL § 193, an employer is only allowed to make such deductions as authorized by law or authorized in writing by the employee and made for benefit of the employee.

65. As the deductions from Plaintiff's pay made by Defendants were neither authorized by law nor authorized, in writing, by the Plaintiff and made for her benefit, Defendants violated NYLL § 193.

66. Upon information and belief, Defendants made these deductions pursuant to a common policy and practice applicable to all of their employees.

67. Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff and the Rule 23 Class are entitled to recover from Defendants the unlawful deductions from their

wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

68. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

69. Defendants failed to provide Plaintiff and the Rule 23 Class with an accurate statement of, *inter alia*, their overtime rate of pay, their hours worked, and other information required by NYLL §195(3).

70. Defendants violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $250 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
**Failure to Provide Notice of Pay Rate in Violation of NYLL § 195(1)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

71. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

72. Defendants failed to provide Plaintiff and the Rule 23 Class with notice, in English and their primary language, of their rate of pay, the basis thereof, the employer's regular pay day, the name, address and telephone number of the employer and other information required by NYLL § 195(1).

73. Defendants' violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $50 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

(a) Unpaid overtime wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

(b) Unlawfully withheld deductions, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to the New York Labor Law;

(c) An award of civil penalties as a result of Defendants' violation of the New York Labor Law's notice provisions pursuant to NYLL §§ 198(1-b) and 198(1-d);

(d) Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the New York Labor Law;

(e) All reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(f) Such other relief as this Court deems just and proper.

Dated: Farmingdale, New York
April 6, 2018

**FRANK & ASSOCIATES, P.C.**

_____
Neil M. Frank, Esq.
Joseph A. Myers, Esq.
500 Bi-County Boulevard, Suite 465
Farmingdale, New York 11735
T: (631) 756-0400
F: (631) 756-0547
E: nfrank@laborlaws.com
E: jmyers@laborlaws.com

*Attorneys for Plaintiffs*