

Neil M. Frank, Esq.
Patricia L. Boland, Esq.

Joseph A. Myers, Esq. +
Matthew J. Farnworth, Esq.

FRANK & BOLAND, P.C.
THE WORKPLACE LAW FIRM

+ Admitted in N.Y., D.C., & V.A.

September 20, 2018

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 31 2018 ★
LONG ISLAND OFFICE

Settlement Agreement Agreed to the Record

SO ORDERED
by
Magistrate Judge Steven I. Locke

/S/ STEVEN I. LOCKE

10/31/18

**VIA ECF**
Judge Steven I. Locke
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

Re:   **Rodriguez v. M & J Cleaning Solutions LLC, et al.**
      **Case No.: 18-cv-2051 (ADS) (SIL)**

Dear Judge Locke:

This firm represents Plaintiff in the above-referenced matter. We write, jointly with Defendants, to explain to the Court why the recent settlement between the parties is fair and reasonable and to present the enclosed written settlement by and between the parties for the Court's review and approval.

The purpose of the settlement is to resolve Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims premised upon unpaid minimum wages, unpaid overtime wages and statutory damages pursuant to NYLL § 195. Without admitting that any wages or overtime amounts were improperly withheld from Plaintiff, the Defendants agree to settle on the terms and conditions set forth in the attached settlement agreement to avoid the further burden, expense, and uncertainty of litigation.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, *1 (E.D.N.Y 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

In the case at bar, there is no question that the within settlement was the result of vigorous arms-length negotiations. Both parties to the settlement are represented by qualified and experienced counsel representing clients in wage and hour litigation.

Plaintiff's counsel analyzed and evaluated the disputed facts using records disclosed by Defendants. Plaintiff's counsel ran numerous calculations to prepare for negotiations and after discussions with Plaintiff, is satisfied, after weighing the merits of the claims made against the defenses asserted by Defendants, that the written settlement agreement is in the best interest of the Plaintiff.

# FRANK & BOLAND, P.C.
## THE WORKPLACE LAW FIRM

   The gross settlement figure accepted by Plaintiff is $16,250, which covers Plaintiff's FLSA and NYLL causes of actions. As to attorneys' fees, Plaintiff's counsel will be taking the customary contingency fee of 33.3% plus costs of $918.06[1] from the amount Plaintiff is receiving. Moreover, the language restricted by the Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) decision is not indicated in the instant Settlement Agreement.

   Based on the above, we respectfully request approval of the enclosed Settlement Agreement. The parties thank Your Honor for your time and attention to this matter.

Respectfully submitted,

**FRANK & BOLAND, P.C.**

  /s/Joseph Myers
Joseph Myers, Esq.

cc: Vernoica Jung, Esq. (via ECF)

---

[1] This represents the amount of the initial filing fee plus the costs of service.

2

## SETTLEMENT AGREEMENT AND RELEASE

Andrea Rodriguez (hereinafter referred to as "Plaintiff"), and M & J Cleaning Solutions LLC, Juan Kraemer and Michael Militello (hereinafter collectively referred to as "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with the terms and conditions herein, Defendants agree to pay Plaintiff Sixteen Thousand Two Hundred Fifty Dollars and 00/100 Cents ($16,250.00). The sum of Ten Thousand, Two Hundred and Twenty-Six Dollars and Forty-Five Cents ($10,226.45) will be made payable to Plaintiff and will not be subject to withholdings, for which a Form 1099 will be issued. Defendants also agree to pay reasonable attorneys' fees, as approved by the Court, up to a maximum of Six Thousand and Twenty-Three Dollars and Fifty-Five Cents ($6,023.55) to Frank & Boland P.C. for attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiff and the Frank & Boland P.C. Defendants agree to make all payments in one lump payment within ten (10) calendar days after this Agreement is approved by the Court.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies and discharges Defendants and their related enterprises, corporations in common control, parent, subsidiaries and affiliated businesses, insurers and each of their respective current and former shareholders, partners, officers, directors, employees, attorneys, consultants, independent contractors, and/or agents (collectively the "Releasees") from any and all wage claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their implementing regulations, including any such claims for attorneys' fees.

4. ~~**Non-Disparagement.** Plaintiff agrees not to defame, disparage or demean Defendants in any manner whatsoever.~~ 

5. **Acknowledgments and Affirmations.** Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim against Defendants, except the within lawsuit, filed with the United States District Court for the Eastern District of New York, Case No. 18-cv-2051 ("Lawsuit"); that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that Plaintiff shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable.

6. **Mutual Cooperation.** The Parties agree to fully cooperate with one another in the preparation of, and/or joint filing of, any and all papers necessary to obtain the dismissal with prejudice of the Lawsuit. This obligation includes, but is not limited to, any steps necessary to obtain approval of this Agreement by the Court.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Continuing Jurisdiction.** To the extent allowed by law, the Court will retain continuing jurisdiction for the purpose of implementing, interpreting, or enforcing this Agreement, the Approval of Settlement, dismissal with prejudice of the Lawsuit, and post-judgment issues, until all matters are fully resolved. Any dispute regarding the Parties' obligations pursuant to this Agreement and/or interpretation of this Agreement that arises will be presented by written motion to, and resolved by, the Court.

9. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

10. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

12. **Entire Agreement and Remedies.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Any breach or violation of this Agreement by either party, will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate.

13. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

14. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by her counsel, the Frank & Boland P.C. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage claims that Plaintiff possibly could have against Releasees. Plaintiff further represents that she is fully satisfied with the advice and counsel provided by the Frank & Boland P.C.

(b) Plaintiff also confirms that she has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

(c) Plaintiff fully understands the terms of this Agreement and has been provided with a full translation of this Agreement by her attorney into her native language of Spanish.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Dated: September 7, 2018     By: _Andrea Rodriguez_
                                  **Andrea Rodriguez**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF SUFFOLK        )

On the 7th day of September, 2018, before me personally came **Andrea Rodriguez**, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

JOSEPH MYERS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MY6373383
Qualified in Suffolk County
Commission Expires April 9, 2022

By: _____
    M & J Cleaning Solutions LLC

STATE OF ~~NEW YORK~~ CT   )
                           ) ss:
COUNTY OF Fairfield        )

On the 13 day of September, 2018, before me personally came Juan Kraemer to me

3

known to be the individual described in and who executed the foregoing agreement, and he/she, being duly sworn, did depose and say that he/she is a representative of **M & J Cleaning Solutions LLC** and that he/she executed said agreement on behalf of said corporation.

_____
Notary Public

By: _____
Juan Kraemer

STATE OF ~~NEW YORK~~ CT )
)  ss:
COUNTY OF Fairfield )

GOTRELL MCLELLAN
*NOTARY PUBLIC*
State of Connecticut
MY COMMISSION EXPIRES NOV. 30, 2018

On the 13th day of September, 2018, before me personally came **Juan Kraemer**, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

By: _____
**Michael Militello**

STATE OF ~~NEW YORK~~ CT )
)  ss:
COUNTY OF Fairfield )

GOTRELL MCLELLAN
*NOTARY PUBLIC*
State of Connecticut
MY COMMISSION EXPIRES NOV. 30, 2018

On the 13th day of September, 2018, before me personally came **Michael Militello**, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

GOTRELL MCLELLAN
*NOTARY PUBLIC*
State of Connecticut
MY COMMISSION EXPIRES NOV. 30, 2018