

Neil M. Frank, Esq.
Patricia L. Boland, Esq.

Joseph A. Myers, Esq. +
Matthew J. Farnworth, Esq.

FRANK & BOLAND, P.C.
THE WORKPLACE LAW FIRM

+ Admitted in N.Y., D.C., & V.A.

September 20, 2018

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 31 2018 ★

LONG ISLAND OFFICE

Settlement Agreement Approved to Read

SO ORDERED
by
Magistrate Judge Steven I. Locke

/S/ STEVEN I. LOCKE

**VIA ECF**
Judge Steven I. Locke
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

Re:  **Rodriguez v. M & J Cleaning Solutions LLC, et al.**
     Case No.: 18-cv-2051 (ADS) (SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 06 2018 ★
LONG ISLAND OFFICE

Dear Judge Locke:

    This firm represents Plaintiff in the above-referenced matter. We write, jointly with Defendants, to explain to the Court why the recent settlement between the parties is fair and reasonable and to present the enclosed written settlement by and between the parties for the Court's review and approval.

    The purpose of the settlement is to resolve Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims premised upon unpaid minimum wages, unpaid overtime wages and statutory damages pursuant to NYLL § 195. Without admitting that any wages or overtime amounts were improperly withheld from Plaintiff, the Defendants agree to settle on the terms and conditions set forth in the attached settlement agreement to avoid the further burden, expense, and uncertainty of litigation.

    In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, *1 (E.D.N.Y 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

    In the case at bar, there is no question that the within settlement was the result of vigorous arms-length negotiations. Both parties to the settlement are represented by qualified and experienced counsel representing clients in wage and hour litigation.

    Plaintiff's counsel analyzed and evaluated the disputed facts using records disclosed by Defendants. Plaintiff's counsel ran numerous calculations to prepare for negotiations and after discussions with Plaintiff, is satisfied, after weighing the merits of the claims made against the defenses asserted by Defendants, that the written settlement agreement is in the best interest of the Plaintiff.

---

500 Bi-County Blvd. Ste. 465 • Farmingdale, NY 11735 • Tel: 631.756.0400 • Fax: 631.756.0547
nfrank@laborlaws.com • www.laborlaws.com

# FRANK & BOLAND, P.C.
## THE WORKPLACE LAW FIRM

The gross settlement figure accepted by Plaintiff is $16,250, which covers Plaintiff's FLSA and NYLL causes of actions. As to attorneys' fees, Plaintiff's counsel will be taking the customary contingency fee of 33.3% plus costs of $918.06[1] from the amount Plaintiff is receiving. Moreover, the language restricted by the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) decision is not indicated in the instant Settlement Agreement.

Based on the above, we respectfully request approval of the enclosed Settlement Agreement. The parties thank Your Honor for your time and attention to this matter.

Respectfully submitted,

**FRANK & BOLAND, P.C.**

/s/Joseph Myers
Joseph Myers, Esq.

cc: Vernoica Jung, Esq. (via ECF)

Case closed. SO ORDERED.

*/s/ Arthur D. Spatt*

Arthur D. Spatt, U.S.D.J.

11/6/18
Date

---

[1] This represents the amount of the initial filing fee plus the costs of service.

2